*May Term, 1852.*

HOUCK
v.
DEITZ.

---

HOUCK v. DEITZ.

A judgment rendered on a new trial will not be reversed because the new trial was granted upon insufficient grounds, if the adverse party has admitted before the Court below the truth of a material part of the evidence to admit which the new trial was granted.

The fact that such admission was made to prevent a continuance, makes no difference.

Where the evidence given at the trial is not in the record, it will be presumed that the judgment was in accordance with it.

ERROR to the *Ripley* Circuit Court.

SMITH, J.—This was an action of assumpsit commenced before a justice of the peace, and taken to the Circuit Court by appeal. The cause of action was a bill of goods

*Monday, May 31.*

sold by the plaintiff to the defendant, consisting of several items, and amounting, in the whole, to 98 dollars and 39 cents. There were two trials in the Circuit Court, the first of which resulted in a judgment for the plaintiff for the whole amount of his bill of particulars.

A new trial was granted upon an affidavit of the defendant, stating, in substance, that the cause was tried in his absence, late at night; that the plaintiff was made a witness in the cause, and the said plaintiff testified that the amount of said bill was due and owing to him, and denied positively that any part of said bill had ever been paid or settled; that since the trial the defendant had been informed and believed that he could prove that 28 dollars and some cents' worth of the goods so sold and charged to the defendant, was taken back by the plaintiff, for which the defendant should have had a credit; and that he did not expect the return of said goods would have been denied by the plaintiff, and expected to be able to prove the return of said goods if a new trial was granted.

At a subsequent term, after a new trial had been granted, the cause being again called, the defendant applied for a continuance upon an affidavit stating that certain persons were material witnesses for him, and that he expected to be able to prove by one or both of them the return to the plaintiff of a part of the goods charged to the defendant in the cause of action. The Court being of opinion that the affidavit was sufficient, the plaintiff, to prevent a continuance, admitted that the matters contained in the affidavit should be taken as true; and the cause being thereupon again submitted, the plaintiff obtained a judgment for 70 dollars damages and his costs.

The plaintiff below now prosecutes this writ of error and contends that the last judgment should be set aside and the first reinstated, because the new trial was granted upon insufficient grounds.

But, as the plaintiff entered into the second trial, and admitted that a part of the goods for which the action

was brought had been returned to him, so that by. his own admission the first judgment was wrong, we think the last judgment ought not now to be disturbed. The fact that the admission was made to prevent a continuance of the cause, can make no difference. It is not to be supposed he would make such an admission, if the fact was untrue, even for such a purpose.

As the evidence given at the last trial is not in the record, it must be presumed the judgment was in accordance with it, and that the plaintiff recovered all that he was justly entitled to.

*Per Curiam.*—The judgment is affirmed with costs.

*E. Dumont*, for the plaintiff.